IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NATNAEL WORKU BELAY                                    PETITIONER

V.                                    CIVIL NO.   5:26-cv-00093-DCB-BWR

C ESCALANTE                                           RESPONDENT

## ORDER SETTING BRIEFING SCHEDULE

This matter is before the Court *sua sponte*. Petitioner, a native and citizen of Ethiopia, filed his Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 in February 2026 challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement's ("ICE") custody. Petitioner entered the United States illegally on November 24, 2024 and was detained. Pet. [1] at 4; ICE Decl. [11-2] at 1. "On June 6, 2025, an immigration judge denied Petitioner's application for relief and ordered Petitioner removed to Ethiopia." ICE Decl. [11-2] at 1. No appeal was filed with the Board of Immigration Appeals, and according to Respondent, Petitioner's removal order became administratively final on July 8, 2025. *Id.*

Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that the Attorney General shall remove the alien within a period of 90 days (referred to as the "removal period"), during which time the alien shall be detained, § 1231(a)(1)(A), (a)(2). "After that time elapses, however § 1231(a)(6) provides only that certain aliens 'may be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas v. Davis,* the Supreme

Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is not authorized by statute." 533 U.S. 678, 699 (2001). "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02.

Petitioner's removal order became administratively final on July 8, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(i). The 90-day removal period expired on October 6, 2025. Six months following October 6, 2025 expired on April 6, 2026. In Respondent's Response, filed on April 22, 2026, an ICE officer's Declaration provides that "as of April 21, 2026, ERO New Orleans has not received information that the government of Ethiopia has issued a travel document, nor has removal been scheduled." ICE Decl. [11-2] at 2. The Court requires a status update from Respondent regarding its efforts to remove Petitioner and sets a briefing schedule regarding whether there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at

701-02.

IT IS THEREFORE ORDERED that, within 14 days of this Order, Respondent shall file a status update:

1. Including a Declaration from an official from Enforcement and Removal Operations; and

2. Specifically addressing the following: (1) the status of efforts to remove Petitioner, including Petitioner's cooperation with any such efforts; and (2) a timeline of any anticipated efforts to remove Petitioner.

IT IS FURTHER ORDERED that:

1. No later than 30 days after Respondent's status update, Petitioner shall file a memorandum brief and must show there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future;

2. No later than 14 days after Petitioner's memorandum brief, Respondent shall file a response furnishing evidence sufficient to rebut that showing; and

3. No later than 14 days after Respondent's response, Petitioner may file a reply.

SO ORDERED, this 16th day of June 2026.

*s/* *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE